IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

FIRST MEDIA INSURANCE SPECIALISTS, )
INC.; J. LAWRENCE WORRALL, JR.; and )
TRACY MICHELLE WORRALL TILTON; )
)
Plaintiffs, )
)
v. ) CIVIL ACTION
)
ONEBEACON INSURANCE COMPANY; ) No. 10-2501-KHV
ONEBEACON PROFESSIONAL )
INSURANCE, INC.; MATTHEW P. DOLAN; )
RANDALL G. OATES; JOSHUA O. STEIN; )
and TAMMI B. DULBERGER; )
)
Defendants. )
_____)

## MEMORANDUM AND ORDER

This matter is before the Court on plaintiffs' Motion To File Under Seal And For Protective Order (Doc. #3) filed September 16, 2010. Under Rule 5.2(d), Fed. R. Civ. P., plaintiffs seek to seal the complaint and attached exhibits (Doc. #1) which they filed contemporaneously with this motion. Plaintiffs also seek an order pursuant to Rule 5.2(e)(2) which limits the remote electronic access of nonparties to filings in this matter.

Plaintiffs bring various state-law claims related to the sale of their insurance business. Plaintiffs contend that in order to plead fraud with required particularity, they have (1) included in the complaint allegations which set forth proprietary business practices which are not publicly available and, if disclosed, could be used unfairly by plaintiffs' and defendants' business competitors and (2) appended proprietary, non-public documents relating to the sale which are subject to a non-disclosure provision. Without citing authority, plaintiffs argue that the potential harm to the parties from public disclosure of the complaint and related documents outweighs the

public interest in access to the courts and in remote electronic access to filings in this case. The Court disagrees for two reasons.

First, Rules 5.2(d) and (e)(2), Fed. R. Civ. P., do not protect the information which plaintiffs seek to avoid disclosing. Rule 5.2 protects certain "personal data identifiers" by requiring parties to redact from documents filed with the court information such as social-security numbers, taxpayer-identification numbers, birth dates, names of minors, and financial account numbers. See Rule 5.2(a). Rule 5.2(d) and (e) may be used to protect other information not covered by the redaction requirement of 5.2(a) such as drivers' license numbers and alien registration numbers. Fed. R. Civ. P. 5.2 advisory committee's notes. Plaintiffs do not seek to protect any such "personal data identifiers." Further, in its review of the complaint and related documents, the Court discovered no information which appears to fall under Rule 5.2.

Second, plaintiffs do not sufficiently identify the information which they contend is proprietary or subject to a non-disclosure provision. Plaintiffs also do not explain how disclosure of this information violates a non-disclosure provision or puts them or defendants at a competitive disadvantage. Any motion to seal must establish that the interests which favor non-disclosure outweigh the public interest in access to court documents. Sibley v. Sprint Nextel Corp., 254 F.R.D. 662, 667 (D. Kan. 2008). To establish good cause, the moving party must submit particular and specific facts, and not merely "stereotyped and conclusory statements." Id. (quoting Gulf Oil Co. v. Bernard, 452 U.S. 89, 102 n.16 (1981)). Because plaintiffs do not specify what information might be harmful if disclosed, or why, they have not established that the interests which favor non-disclosure outweigh the public interest in access to court documents. The Court therefore overrules plaintiffs' motion to seal the complaint and exhibits.

**IT IS THEREFORE ORDERED** that plaintiffs' Motion To File Under Seal And For Protective Order (Doc. #3) filed September 16, 2010 be and hereby is **OVERRULED.** The Clerk is hereby directed to unseal and file the complaint at 4:30 p.m on September 22, 2010. Before that time, plaintiffs may voluntarily dismiss the complaint or withdraw any exhibits or attachments to it.

Dated this 20th day of September, 2010, at Kansas City, Kansas.

s/ Kathryn H. Vratil
KATHRYN H. VRATIL
United States District Judge