## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

FIRST MEDIA INSURANCE
SPECIALISTS, INC., J. LAWRENCE
WORRALL, JR. AND TRACY MICHELLE
WORRALL TILTON,

      PLAINTIFFS

  vs.                               Case No. 10-CV-2501-EFM/KGG

ONEBEACON INSURANCE COMPANY,
ONEBEACON PROFESSIONAL
INSURANCE, INC., f/k/a ONEBEACON
PROFESSIONAL PARTNERS, INC.,
MATTHEW P. DOLAN, RANDALL G.
OATES, JOSHUA O. STEIN AND TAMMI
B. DULBERGER,

      DEFENDANTS

## MEMORANDUM AND ORDER

How specific must a plaintiff's allegations of fraud and related torts be to survive a motion

to dismiss or for a more definite statement?  Defendants make several arguments, but essentially

they all claim that since Plaintiffs' claims for fraud, negligent misrepresentation, breach of fiduciary

duty and negligent supervision fail to allege specific damages arising from tortious conduct which

is separate from a related breach of contract claim, and that since the tort claims fail to plead the

basic elements and fail to plead with the required particularity, they must be dismissed for failure

to state a claim.  Defendants further claim that Plaintiffs' claim for rescission fails to allege a breach of sufficient materiality and should also be dismissed for failure to state a claim.  Our review of the details alleged by Plaintiffs persuades us that the allegations are sufficient to withstand 12(b)(6) dismissal, even in the context of allegations of fraud, and further to deny Defendants' requests for a more definite statement.   We conclude that Plaintiffs' claim for conversion, however, is insufficiently independent of Plaintiffs' contract claims, and dismiss it.

## I.  Factual and Procedural Background

This matter arises from a transaction dispute between Plaintiffs First Media Insurance Specialists, Inc. ("FMIS"), J. Lawrence Worrall, Jr. ("Worrall"), and Tracy Michelle Worrall Tilton ("Tilton"), and Defendants OneBeacon Insurance Company ("OBIC"), OneBeacon Professional Insurance, Inc. ("OBPI"), Matthew P. Dolan ("Dolan"), Randall G. Oates ("Oates"), Joshua A. Stein ("Stein"), and Tammi B. Dulberger ("Dulberger").

FMIS is a corporation in the media insurance business.  Worrall was, at the relevant times, the Chief Executive Officer and majority shareholder of FMIS.  Tilton is Worrall's daughter, and was the President and minority shareholder of FMIS.

OBIC is a corporation that underwrites insurance products.  OBPI is a subsidiary corporation of OBIC that provides speciality liability insurance products.  Dolan, Oates, Stein, and Dulberger are individuals who either were previously or are currently employed by OBIC and/or OBPI.

In 2004, executives of OBPI approached Worrall and Tilton about the possibility of a sale of FMIS' business and assets to OBPI.  After a period of negotiations, FMIS, Worrall, and Tilton entered into an Asset Purchase Agreement, a Non-Disclosure Agreement, and a Non-Compete

Agreement (collectively, the "APA") with OBIC and OBPI in 2005.  The APA detailed the sale of the assets and business of FMIS to OBIC and OBPI.  Some of the assets included in the transaction were customer lists, policy forms and endorsements, underwriting rating plans, intellectual property, and the rights to approximately eight million dollars of media liability renewal premium.

After the calculations were made and the Defendants began to make payments under the APA, FMIS and its executives were alarmed.  Plaintiffs allege that the amounts Defendant paid were significantly inconsistent with the purchase price and non-compete consideration they anticipated due to the representations made in the negotiation process.  As a result, Plaintiffs filed a complaint against Defendants that alleges fraud, negligent misrepresentation, breach of fiduciary duty, breach of contract, rescission, conversion, and negligent supervision.[1]  Primarily, Plaintiffs allege that Defendants misrepresented material terms with regard to the formulas they would use to calculate the payment due to FMIS under the APA.  Each of Plaintiffs' claims is premised on the theory that due to the misrepresented terms, the formulas produced significantly lower consideration for the contract – such that Plaintiffs would not have entered into the APA had they known the true formula that would be used.

Plaintiffs assert that OBIC and OBPI provided a number of documents during the negotiation process that misstated the formulas by which Defendants would calculate the sums due.  Two such documents were pro formas and an acquisition term sheet ("term sheet").  The pro formas contained projections as to the amounts of pay-outs Plaintiffs could expect to receive under the APA.  The

---

[1]The plaintiffs' complaint (Doc. 1) also includes a claim under the Connecticut Unfair Trade Practices Act. The Court will not address it at this time due to the Plaintiffs' indication of their intent to voluntarily dismiss it in their Suggestions in Opposition to Defendants' Motion to Dismiss and Motion for a More Definite Statement (Doc. 33).  To date, the Plaintiffs have not done so.  Plaintiffs are directed to file a motion to dismiss the CUTPA claim if they do not wish to proceed with the claim.

term sheet was intended to set forth a summary of the parties' agreement.

Plaintiffs claim that after the APA's closing, Defendants unilaterally introduced other actuarial terms into the formula actually used to calculate the amounts. The terms that Plaintiffs claim were improperly inserted are components of "incurred but not reported" terms ("IBNR"), including "Net Losses Incurred," "Net Losses Ultimate," "Net ALAE Incurred," "Net ULAE Incurred," and "Net ULAE Reserve Increase." They allege that the added terms resulted in an artificial inflation of FMIS' expenses and losses, thereby causing a reduction of the earn-out purchase price and non-compete consideration obligations owed to Plaintiffs in the amount of approximately twenty-three million dollars. Plaintiffs also claim that Defendants inflated the operating expenses allocable to the premium written by FMIS to further reduce the purchase price and non-compete considerations.

Plaintiffs base their fraud claim primarily on the allegation that Defendants promised to make certain deferred purchase price and non-compete payments under the APA with the intent to deceive Plaintiffs and with the knowledge that Plaintiffs would rely on the promises. Plaintiffs allege that Defendants had no intention of making the payments at the time the APA was executed, and never did make the payments. Plaintiffs argue that their reliance upon the representations was reasonable, and that they have suffered damages as a result. Plaintiffs request the purchase price due under the APA (in excess of $5,000,000) and interest, the non-compete consideration and interest due each Plaintiff, punitive damages, reasonable attorneys fees, pre-judgment and post-judgment interest, and costs. Similarly, as to the negligent misrepresentation claim, Plaintiffs argue that Defendants provided false information regarding the purchase price and non-compete payments and that Plaintiffs suffered damage as a result of their reliance on the false information. They request the

same relief as for the fraud claim.

Plaintiffs claim that Defendants breached their fiduciary duty because OBIC and OBPI had superior knowledge of the facts relating to the calculation of the purchase price and non-compete considerations due under the APA, but failed to act in good faith as to their obligations within the APA. Plaintiffs also allege Defendants misrepresented the nature and amount of certain tax deductions, which resulted in artificially inflated losses and expenses that the Defendants attributed to FMIS' business. Plaintiffs allege that Defendants OBIC and OBPI breached their duties of good faith and fair dealing and, in doing so, acted with reckless indifference to Plaintiffs' rights – the culmination of which caused Plaintiffs to incur damages. Plaintiffs request the same relief for this claim.

In their breach of contract claim, Plaintiffs argue that they have fully performed all of their obligations in the APA in reasonable reliance on the belief that Defendants OBIC and OBPI would also perform. They allege that Defendants OBIC and OBPI failed to perform by failing to pay the agreed-upon purchase price, failing to pay the agreed-upon consideration for Worrall and Tilton's non-compete agreements, and otherwise failed to perform all obligations in the APA. Plaintiffs claim they have suffered damages as a result of the breaches, and request the same relief.

Plaintiffs' rescission of contract claim is based upon their argument that OBIC and OBPI made material misrepresentations regarding the amounts of the purchase and non-compete consideration, and that Plaintiffs relied on such misrepresentations. Plaintiffs explain that they would not have entered into the APA but for their reliance upon the pro forma documents and misleading statements that intentionally overstated the purchase price and non-compete consideration to induce their performance. They argue that without this reliance, FMIS would not

have transferred its revenue-producing assets to OBIC and OBPI, and that therefore the revenue produced by the assets belongs to FMIS and should be held in trust.  Plaintiffs request the Court void the APA and return the assets to FMIS.  They also request that the Court award FMIS, Worrall, and Tilton damages in the form of disgorgement of premiums paid and a reasonable licensing fee from 2005 to the date of judgment. Plaintiffs further request reasonable attorneys fees, pre- and post-judgment interest, and costs.

For the conversion claim, FMIS claims that OBIC and OBPI obtained the assets of FMIS by utilitizing false and misleading information regarding the purchase and non-compete amounts. FMIS claims that OBIC and OBPI's failure to honor the APA caused them to forfeit their right to the assets, and that Defendants have therefore wrongfully converted them.

Defendants moved to dismiss Plaintiffs' fraud claim pursuant to Fed. R. Civ. P. 9(b) and 12(b)(6) for failure to state a claim and failure to plead fraud with particularity.  They assert that Plaintiffs have not sufficiently alleged a statement made by a defendant satisfying the elements of fraud, or any damages attributable solely to fraud.  They argue that similarly, the elements of negligent misrepresentation were not sufficiently alleged, and that claim should also be dismissed.

Defendants also argue that the breach of fiduciary duty claim should be dismissed pursuant to 12(b)(6) for failure to state a claim.  They state that a fiduciary relationship does not arise in arm's length dealings such as these – absent special circumstances – and that such special circumstances do not exist here.  In support, Defendants rely on a number of cases they cite for the proposition that everyday business transactions do not give rise to fiduciary relationships, unless intended.[2]  They attempt to refute the idea that superior knowledge on their part would give rise to such a

_____

[2]*Denison State Bank v. Madeira,* 230 Kan. 684, 696 (1982); *Terra Venture, Inc. v. JDN Real Estate Overland Park, LP,* 443 F.3d 1240, 1246 (10th Cir. 2006).

relationship.   They cite *Burton v. R.J. Reynolds Tobacco Co.*, which states, "a buyer/seller relationship does not create a fiduciary duty because the parties are dealing at arm's length and seeking for themselves the best advantage . . . Since it almost goes without saying that the seller of a product will likely know more about its features and capabilities then would the buyer, this superior knowledge is hardly a basis for grounding a fiduciary relationship."[3]

Defendants argue that a more definite statement is needed regarding the breach of contract claim.   Defendants also argue that the rescission claim should be dismissed for failure to state a claim because Plaintiffs have not alleged special circumstances that would elevate the breach of contract claim to one for rescission.   Defendants also allege that Plaintiffs are barred from asserting the conversion claim because it is not independent of the breach of contract claim.

Finally, Defendants argue that Plaintiffs' negligent supervision claim failed to state a claim upon which relief could be granted because they have not demonstrated they were injured as a result of any tortious conduct.

Plaintiffs contend that they have alleged sufficient facts upon which to state a claim. Plaintiffs further state that the rescission claim is merely a requested remedy for the fraud claim. They argue that the requested disgorgement under their rescission claim constitutes damages specifically attributable to Defendants' fraudulent conduct.   They also claim that they have pled fraud with particularity, and itemized the actions of each Defendant as they relate to the fraud claims.

Plaintiffs assert that Defendants were in a position of superior knowledge and trust in the transaction, and that an implied-in-law fiduciary relationship was created as a result.   Plaintiffs rely

_____

[3]397 F.3d 906, 911-12 (10th Cir. 2005).

on the proposition that "there is no invariable rule which determines the existence of a fiduciary relationship" and that the existence of a fiduciary relationship is a question of facts to be determined on the facts and circumstances of each case.[4]   Plaintiffs argue that, at a minimum, a factual dispute exists as to the relationship of the parties and therefore dismissal of their breach of fiduciary duty claim at this point is inappropriate.

Plaintiffs argue that the conversion claim is an independent tort and does not concern the same subject matter as the breach of contract claim.

They claim that their breach of contract claim sets forth sufficient detail to allow Defendants to respond, and direct the Court to refer back to paragraphs 171 through 178 of the Complaint. Plaintiffs specifically cite Paragraph 177, which they claim sets forth with particularity the breaches: "a). [Defendants] failed to satisfy their obligations under the APA to pay the agreed upon purchase price; b). [Defendants] failed to satisfy their obligations under the APA to pay the agreed up on considerations for Mr. Worrall and Ms. Tilton's non-compete agreements; and c). [Defendants] failed to perform all of their obligations under the APA."

Plaintiffs allege that the other claims they have pled, particularly fraud and negligent misrepresentation, form the underlying tortious conduct for their negligent supervision claim to proceed.

## II.  Legal Standard

### 1.  Motion to Dismiss

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted

---

[4]*Olsen v. Harshman*, 223 Kan. 1055, 1058 (1983).

as true, to 'state a claim for relief that is plausible on its face.'"[5]   "[T]he mere metaphysical possibility that some plaintiff could prove some set of facts in support of the pleaded claims is insufficient; the complaint must give the court reason to believe that this plaintiff has a reasonable likelihood of mustering factual support for these claims."[6]  "The court's function on a Rule 12(b)(6) motion is not to weigh potential evidence that the parties might present at trial, but to assess whether the plaintiff's complaint alone is legally sufficient to state a claim for which relief may be granted."[7]

A motion made under 12(b)(6) is viewed with disfavor and rarely granted.[8]  In determining whether a claim is facially plausible, the court must draw on its judicial experience and common sense.[9]  All well pleaded facts in the complaint are assumed to be true and are viewed in the light most favorable to the plaintiff.[10]  Allegations that merely state legal conclusions, however, need not be accepted as true.[11]

"Federal Rules of Civil Procedure 9(b) requires that 'a party must state with particularity the circumstances constituting fraud or mistake.' Although on its face Fed.R.Civ.P. 9(b) only concerns 'fraud  or mistake' allegations, several courts, including the District of Kansas and the Eastern District of Virginia, have considered this rule and concluded that inequitable conduct must be pled

---

[5]*Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009) (quoting *Bell Atl. Corp. v. Twonbly*, 550 U.S. 544, 570 (2007)).

[6]*Ridge at Red Hawk, L.L.C. v. Schneider*, 493 F.3d 1174, 1177 (10th Cir. 2007).

[7]*Dubbs v. Head Start, Inc.*, 336 F.3d 1194, 1201 (10th Cir. 2003).

[8]*Allen v. Kline,* 507 F.Supp.2d 1150, 1155 (D. Kan. 2007) (citing *Lone Star Indus., Inc. v. Horman Family Trust,* 960 F.2d 917, 920 (10th Cir. 1992)).

[9]*Iqbal*, 129 S.Ct. at 1950.

[10]*See Zinermon v. Burch*, 494 U.S. 113, 118 (1990); *Swanson v. Bixler*, 750 F.2d 810, 813 (10th Cir. 1984).

[11]*See Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).

with particularity.  Under Rule 9(b), a party must plead with particularity the time, place and contents of the false representation, the identity of the person making the false statements, and the consequences thereof."[12]

### 2.  Motion for a More Definite Statement

A party may move for a more definite statement when a pleading is "so vague or ambiguous that a party cannot reasonably be required to frame a responsive pleading."[13]   Such motions are generally disfavored, and are granted only when a party is unable to determine the issues he must respond to.[14]  "A motion for more definite statement should not be granted merely because the pleading lacks detail; rather, the standard to be applied is whether the claims alleged are sufficiently specific to enable a responsive pleading in the form of a denial or admission."[15]   The decision whether to grant or deny such a motion lies in the court's sound discretion.[16]

### III.  Analysis

### 1.  Motion to Dismiss

#### a.  Fraud, Rescission, and Negligent Misrepresentation Claims

Plaintiffs have complied with Rule 9(b) for fraud, which requires the  party to plead with particularity the time, place and contents of the false representation, the identity of the person making the false statements, and the consequences thereof."[17]  Plaintiffs allege that in October of

---

[12]*Hudson Assoc. Consulting, Inc. v. Weidner*, 2010 WL 1946414, *4 (D. Kan. 2010).

[13]Fed. R. Civ. P. 12(e).

[14]*Resolution T. Corp. v. Thomas*, 837 F.Supp. 354, 355 (D. Kan. 1993).

[15]*Advantage Homebuilding, LLC v. Assurance Co. of America*, 2004 WL 433914, at *1 (D. Kan. 2004).

[16] *Graham v. Prudential Home Mortgage Co.*, 186 F.R.D. 651, 653 (D. Kan.1999).

[17]*Hudson* , 2010 WL 1946414 at *4.

2004, Oates provided Worrall and Tilton with several pro forma calculations containing misrepresentations.  Plaintiffs further included copies of some of the pro formas as exhibits. Plaintiffs also describe an email from Oates on October 27, 2004, that references the pro formas and reiterated Defendants' faith in them.   Additionally, Plaintiffs reference the term sheet that OBIC and OBPI provided to them on February 23, 2005, which they allege contained misrepresentations. Plaintiffs allege that they relied on the pro formas, email, and term sheet to their detriment and have incurred damages in the form of lowered purchase price and earn-out payments.  Plaintiffs also request specific damages in the form of disgorgement.  Plaintiffs further detailed these specifics in their response.  These allegations fulfill the requirement set forth in 9(b).

As for the rescission claim, Plaintiffs indicate that they have simply included it as a separate remedy for fraud; therefore, any alleged deficiencies in the rescission claim are addressed by the same arguments as those for fraud. The negligent misrepresentation claims have similar bases as those for fraud, and are therefore also sufficiently pled.

### b.  Breach of Fiduciary Duty Claim

Plaintiffs alleged special circumstances in their claim that would impose an implied fiduciary duty.  They allege that Defendants were in a position of superior knowledge and trust that gave rise to an implied-in-law fiduciary duty.  Although Defendants cite authority they submit stands for the proposition that such superior knowledge does not give rise to a fiduciary duty, the authority they cite is distinguishable.  The cases they cite appear to contemplate scenarios such as those where a seller knows more about his product than a buyer – not one where the buyer has superior knowledge about the amount he intends to pay as consideration.[18]  Bearing in mind the standard for dismissal,

---

[18]*Burton,* 397 F.3d at 911-12.

the Court finds Plaintiff's argument from *Olson* persuasive.[19]   The Court will determine the existence of a fiduciary relationship on a case-by-case basis.  The claim will proceed for such an inquiry.

### c. Conversion Claim

The conversion claim, however, is not so easily dealt with.  Generally, "when parties enter into a contract which defines their respective rights and duties, tort causes of action concerning the same subject matter as the contract are precluded."[20]  However, "when conduct could satisfy the elements of both a breach of contract or of an independent tort, unless the conduct is permitted by express provisions of a contract, a plaintiff may pursue both remedies."[21]  The determinative inquiry is whether the two claims are "independent" of each other.[22]

The independence inquiry is intertwined with the economic loss rule, which is "designed to prevent a party from asserting a tort remedy in circumstances governed by the law of contracts."[23]  Determining when a claim is independent, however, can be difficult.[24]  Kansas courts are persuaded that a tort claim is independent from a breach of contract claim when the duties and liabilities the plaintiff attempts to impose are not those bargained for in the relevant contract.[25]

---

[19]*Olsen*, 233 Kan. At 1058.

[20]*Regal Ware, Inc. v. Vita Craft Corp.*, 653 F.Supp.2d 1146, 1152 (D. Kan. 2006) (citing *Ford Motor Credit Co. v. Suburban Ford*, 237 Kan. 195, 203-05 (1985); *see also Parsons v. Davis,* 1997 WL 446264, at *5 (D. Kan. 1997) (granting summary judgment on conversion claim because contract created and defined the rights to the property which was subject matter of the conversion claim).

[21]*Id.* (citing *Burcham v. Unison Bancorp, Inc.*, 276 Kan. 393, 414 (2003)).

[22]*See generally Regal Ware.*

[23]*In re Bryant Manor*, LLC, 434 B.R. 629, 635 (Bkrtcy. D. Kan. 2010).

[24]*Burcham v. Unison Bancorp, Inc.*, 276 Kan. 393, 414 (2003).

[25]*Burcham*, 276 Kan. at 415-16; *Regal Ware*, 653 F.Supp.2d at 415.

In their complaint, Plaintiffs make the following argument: Defendants failed to honor the APA terms – which constitutes a forfeiture of their rights to the FMIS assets – and therefore Defendants converted those assets.

Defendants correctly argue that Plaintiffs do not assert an independent tort.  Plaintiffs' claims clearly arise from the contract (the APA), and Plaintiffs assert a breach of the duty created by the APA.  Plaintiffs have failed to plead sufficient facts to allege a claim that is plausible on its face because the facts pled concern the same subject matter as that of their breach of contract claim.  Accordingly, the conversion claim is dismissed for failure to state a claim.

### d.  Negligent Supervision Claim

As discussed above, Plaintiffs have sufficiently alleged facts to plead their claims of fraud and negligent misrepresentation.   As a result, they identified a "tortfeasor" and therefore have sufficiently pled the underlying harm required for a negligent misrepresentation claim to proceed.

### 2.  Motion for a More Definite Statement

Plaintiff's breach of contract claim contains enough allegations for the Defendants to understand the issues they must respond to.  Plaintiffs clearly allege that there was a contract (the APA) between Plaintiffs and Defendants and that Defendants breached the contract by failing to pay the agreed-upon purchase price, by failing to pay the agreed-upon considerations for Mr. Worrall and Ms. Tilton's non-compete agreements, and failing to perform all of their obligations under the APA.  Plaintiffs allege that they were harmed as a result of the breaches.  Defendants can respond to the issue of whether they breached the contract with at least an admission or denial, and that is all the case law requires.

-13-

### III.  Conclusion

Plaintiffs have alleged sufficient facts for the fraud, negligent misrepresentation, breach of fiduciary duty, breach of contract, rescission, and negligent supervision claims to proceed. They have not done so for the conversion claim.  Defendants can be reasonably expect to form a response to the breach of contract claim.

**IT IS ACCORDINGLY ORDERED** this 16th day of November, 2011 that Defendant's Motion to Dismiss and Motion for a More Definite Statement  (Doc. 23) is hereby **GRANTED IN PART** and **DENIED IN PART**.

**IT IS SO ORDERED**.

ERIC F. MELGREN
UNITED STATES DISTRICT JUDGE